UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL CALLENDER, III,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>Defendants. | No. 2:18-cv-00025-JAM-CKD PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Presently pending before the court are defendant National Association of Letter Carriers 133's ("NALC 133") motion to dismiss (ECF No. 19) and defendant United States Postmaster General Megan Brennan's motion for summary judgment (ECF No. 36). Plaintiff has not opposed NALC 133's motion to dismiss. Plaintiff has, however, opposed Brennan's motion for summary judgment, and Brennan has replied. (ECF Nos. 40, 41.) These matters came on for hearing on August 1, 2018 at 10:00 a.m. Plaintiff Cecil Callender, III, appeared on his own behalf. Bruce Harland appeared on behalf of defendant NALC 133, and Edward Olsen appeared on behalf of defendant Brennan. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

////

1

I.   BACKGROUND

    A.   <u>Relevant Procedural History</u>

Plaintiff Cecil Callendar, III, proceeding without counsel, initiated the instant action on January 5, 2018. (ECF No. 1.) On January 19, 2018, plaintiff served the complaint on the United States Postal Service. (ECF No. 8.) Plaintiff has yet to serve the complaint on NALC 133. On April 3, 2018, the court approved the parties' stipulation to substitute United States Postmaster General Megan Brennan in for the United States Postal Service as a defendant in this matter. (ECF No. 17.)

Plaintiff's complaint centers around his termination from the United States Postal Service on October 7, 2013. (ECF No. 1 at 8.) The complaint brings claims against Megan Brennan for alleged wrongful termination and racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. (<u>Id.</u> at 4, 7–8.) Defendant NALC 133 represented plaintiff during the underlying adverse employment action. The complaint brings a claim against NALC 133 for alleged breach of the duty of fair representation. (<u>Id.</u> at 8–9.)

NALC 133 filed a motion to dismiss on April 20, 2018, which was originally set for hearing on July 11, 2018. (ECF No. 19.) Because plaintiff failed to file any opposition fourteen days prior to the hearing, the court reset the hearing for August 1, 2018. (ECF No. 39; <u>see also</u> E.D. Cal. L.R. 230(c).) The court ordered "[p]laintiff [to] file any opposition, or statement of non-opposition, by July 18, 2018," and cautioned "that failure to file an opposition will result in a recommendation that this matter be dismissed." (ECF No. 39 at 2.) Plaintiff has failed to file any opposition to NALC 133's motion. During the August 1, 2018 hearing, plaintiff asserted that he did not file any opposition because he was confused about the process and thought that he had missed the deadline to respond. Plaintiff also indicated that he does oppose NALC 133's motion.

On June 14, 2018, Megan Brennan filed a motion for summary judgment, arguing that plaintiff's complaint should be dismissed based upon judicial estoppel and a lack of prudential standing. (<u>See</u> ECF No. 36.) Plaintiff filed a timely opposition, but only addressed Brennan's arguments regarding judicial estoppel. (<u>See</u> ECF No. 38.)

////

B. <u>Relevant Factual Background</u>[1]

On December 10, 2013, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation by the United States Postal Service in violation of Title VII of the Civil Rights Act. (Declaration of Edward Olsen ["Olsen Decl."] ECF No. 36–3 at Exh. B.)

Thereafter, on January 10, 2014, plaintiff and his wife filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of California. (Olson Decl., at Exhs. C, D.) Plaintiff and his wife were represented by counsel. (<u>Id.</u>) They failed to disclose plaintiff's pending EEOC complaint during the bankruptcy proceedings. (Olson Decl., at Exh. D.) On April 28, 2014, the bankruptcy court granted plaintiff's Chapter 7 bankruptcy discharge and the bankruptcy case was closed on May 2, 2014. (Olson Decl., at Exhs. F, G.)

On November 9, 2017, the EEOC resolved plaintiff's administrative proceeding in favor of the United States Postal Service, and provided Mr. Callender with a right to sue letter. (Olson Decl., at Exhs. H, I.) This lawsuit followed.

Plaintiff admitted at the August 1, 2018 hearing that he never petitioned the bankruptcy court to reopen his bankruptcy case.

II. LEGAL STANDARDS

A. <u>Motion to Dismiss</u>

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. <u>Vega v. JPMorgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); <u>see also</u> <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss,

---

[1] The court takes judicial notice of the cited documents provided by defendants along with their motions (<u>see</u> ECF Nos. 21, 36) because their accuracy is unquestioned by plaintiff, and they largely consist of court filings. The court may take judicial notice of documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), as well as court filings and other matters of public record. <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

B. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." It further provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

III. ANALYSIS

A. Motion to Dismiss by National Association of Letter Carriers 133

Plaintiff failed to timely oppose NALC 133's motion to dismiss. (See ECF Nos. 19, 20, 39; E.D. Cal. L.R. 230(c).) Nonetheless, the court afforded plaintiff another opportunity to comply with the local rules, postponing the hearing and ordering that any opposition be provided by July 18, 2018. (ECF No. 39.) The court explicitly warned that failure to provide an opposition would result in a recommendation of dismissal. (Id. at 2.) The deadline having passed, plaintiff failed to oppose NALC 133's motion. As such, the claim against NALC 133

may be dismissed pursuant to Federal Rule of Civil Procedure 41(b). See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it"); see also Carpenter v. United States, 38 Fed. Cl. 576, 578 (1997) (complaint dismissed pursuant to Fed. R. Civ. P. 41(b) after plaintiff failed to respond to defendant's motion to dismiss and the court's attempts to contact plaintiff).

Even if plaintiff had opposed the motion to dismiss, dismissal would still be appropriate. First, plaintiff has failed to serve the complaint on defendant NALC 133. Pursuant to the Federal Rules of Civil Procedure, the court may dismiss any complaint not served within ninety days of its filing. Fed. R. Civ. P. 4(m). Here, the complaint was filed on January 5, 2018. (ECF No. 1.) Nearly eight months later, plaintiff has not served NALC 133, even though NALC 133 raised the issue of lack of service over three months ago. (See ECF No. 20 at 3–4.) Plaintiff has made no effort to explain his failure to serve NALC 133.

Second, plaintiff cannot state a claim for breach of the duty of fair representation against NALC 133 because such a claim is barred by the statute of limitations. A six-month statute of limitations applies to claims for breach of the duty of fair representation. See DelCostello v. IBT, 462 U.S. 151, 169–72 (1983); Galindo v. Stoody Co., 793 F.2d 1502, 1508 (9th Cir. 1986); Stone v. Writer's Guild of Am. W., Inc., 101 F.3d 1312, 1314 (9th Cir. 1996). Construing the complaint in a light most favorable to plaintiff, he knew or should have known that he had a claim against NALC 133 by at least June of 2014. (See ECF No. 1; Declaration of Bruce A. Harland, ECF No. 21, at Exhs. A–C.) Plaintiff did not file the complaint until 2018, well past the six-month statute of limitations.

Therefore, dismissal of the claim against NALC 133 is warranted.

B. Motion for Summary Judgment by U.S. Postmaster General, Megan Brennan

When a debtor files a bankruptcy petition he must list all of his assets, which would include a pending administrative claim before the EEOC. See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 785 (9th Cir. 2001); see also Caviness v. England, No. 2:04-cv-2388-GEB-DAD, 2007 WL 1302522, at *11 (E.D. Cal. May 3, 2007). It is undisputed that plaintiff,

while represented by counsel, failed to disclose his pending EEOC complaint to the bankruptcy court during his 2014 Chapter 7 bankruptcy proceeding. (Olson Decl., at Exhs. C, D, G.)

Defendant Brennan argues that summary judgement is appropriate for two reasons: (1) "plaintiff's claims are barred by the doctrine of judicial estoppel because he failed to disclose the pendency of his [EEOC] administrative proceeding to the bankruptcy court"; and (2) "plaintiff lacks prudential standing to bring his Title VII claims against the Postmaster General because, as a result of his failure to disclose . . . the discrimination claims remained the property of the bankruptcy estate at the close of the bankruptcy case and therefore, the plaintiff is not a real party in interest." (ECF No. 36-1 at 2.)

Plaintiff has failed to respond to, or oppose, Brennan's argument that plaintiff lacks prudential standing to bring his Title VII claims. This failure to address Brennan's argument in plaintiff's opposition may constitute a concession that summary judgement is appropriate due to a lack of prudential standing. See Coufal Abogados v. AT&T, Inc., 223 F.3d 932, 937 (9th Cir. 2000); Doe v. Benicia Unified Sch. Dist., 206 F.Supp.2d 1048, 1050 n. 1 (E.D. Cal. 2002). Even assuming, however, that plaintiff has not waived his opposition, his claims against Brennan are nonetheless barred by judicial estoppel.

Judicial estoppel "protect[s] the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 749–50 (2001) (internal citations and quotations marks omitted); see also 18 Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding").

> Courts have observed that . . . several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be "clearly inconsistent" with its earlier position. . . . Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled," . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

6

New Hampshire, 532 U.S. at 750–51 (internal citations omitted).

Here, Brennan argues that plaintiff's Title VII claims are barred by judicial estoppel, under Ninth Circuit precedent, because plaintiff failed to disclose his EEOC complaint to the bankruptcy court. (ECF No. 36-1 at 4–7.) Plaintiff counters that his failure to disclose his EEOC claim to the bankruptcy court does not justify judicial estoppel because his failure to disclose was unintentional. (See ECF No. 40.)

Relying on Ah Quin v. Cty. of Kauai Dep't of Transp., 733 F.3d 267 (9th Cir. 2013), plaintiff asserts that the Ninth Circuit Court of Appeals has "rejected the traditional strict approach to judicial estoppel in favor of a subjective analysis based on the plaintiff-debtor's actual intent." (ECF No. 40 at 7.) Plaintiff misreads Ah Quin, which only carved out a limited exception to the default rule in this context. As the Ninth Circuit explained,

> In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action. . . . The reason is that the plaintiff-debtor represented in the bankruptcy case that no claim existed, so he or she is estopped from representing in the lawsuit that a claim *does* exist. . . .
>
> Of particular relevance here, though, the Supreme Court held in New Hampshire, that "it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." . . . Those courts generally have interpreted this factor narrowly. The courts have asked not whether the debtor's omission of the pending claim from the bankruptcy schedules was inadvertent or mistaken; instead, they have asked only whether the debtor knew about the claim when he or she filed the bankruptcy schedules and whether the debtor had a motive to conceal the claim. . . . This interpretation of "inadvertence" is narrow in part because the motive to conceal claims from the bankruptcy court is, as several courts have explained, nearly always present.

Ah Quin, 733 F.3d at 271 (internal citations omitted) (emphasis in original).

In Ah Quin, the plaintiff initiated an employment discrimination action against her employer, Kauai Department of Transportation. (Id. at 269.) Later, Ah Quin filed for Chapter 7 bankruptcy and obtained bankruptcy protection, but failed to disclose the pending employment discrimination lawsuit to the bankruptcy court. (Id.) Subsequently, Ah Quin

/////

7

> moved to reopen her bankruptcy case and to set aside the discharge. The motion, accompanied by declarations from her bankruptcy lawyer's staff and from [Ah Quin], explained that [Ah Quin] had never disclosed the pending lawsuit to her bankruptcy lawyer or his staff and that [Ah Quin]'s failure to list the lawsuit as an asset stemmed from [her] misunderstanding of what she was required to do. The bankruptcy court reopened the case the same day. [Ah Quin] amended her bankruptcy schedules to list this pending claim as an asset.

Ah Quin, 733 F.3d at 270. Thereafter, the district court granted summary judgment for defendant in the employment discrimination case, based upon an application of judicial estoppel that employed the default narrow interpretation of "inadvertence". (Id.)

The Ninth Circuit reversed the district court, holding that when "the plaintiff-debtor reopens bankruptcy proceedings, corrects her initial error, and allows the bankruptcy court to re-process the bankruptcy with the full and correct information, a *presumption* of deceit no longer comports with New Hampshire [532 U.S. 742 (2001)]." Id. at 273 (emphasis in original). Importantly, however,

> A key factor is that [Ah Quin] reopened her bankruptcy proceedings and filed amended bankruptcy schedules that properly listed this claim as an asset. When a plaintiff-debtor has *not* reopened bankruptcy proceedings, a narrow exception for good faith is consistent with New Hampshire and with the policies animating the doctrine of judicial estoppel. The three primary New Hampshire factors are still met (inconsistency, bankruptcy court accepted the contrary position, to the debtor's unfair advantage). And, as courts repeatedly stress, the importance of full disclosure in bankruptcy proceedings "cannot be overemphasized."

Ah Quin, 733 F.3d at 772–73 (emphasis in original).

Here, it is undisputed that plaintiff did not reopen his bankruptcy proceeding. (See ECF No. 40 at 6.) Thus, the default narrow interpretation of "inadvertence" applies and it does not matter whether plaintiff unintentionally failed to disclose his EEOC complaint to the bankruptcy court. Therefore, judicial estoppel bars plaintiff from raising his Title VII claims against Brennan because plaintiff knew of his EEOC complaint when he filed for bankruptcy and because plaintiff had a motive to conceal such a claim during bankruptcy proceedings, as any debtor benefits from concealing assets during bankruptcy. See Ah Quin, 733 F.3d at 271–73.

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant National Association of Letter Carriers 133's motion to dismiss (ECF No. 19) be GRANTED.
2. Defendant United States Postmaster General Megan Brennan's motion for summary judgment (ECF No. 36) be GRANTED.
3. The action be DISMISSED as to all defendants with prejudice.
4. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 2, 2018

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

14/18-25.Callender v. USPS.mtd msj order and f&R